UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KYLE RAGLESS,<br><br>Plaintiff,<br><br>v.<br><br>MORENCI POLICE DEPARTMENT,<br><br>Defendant. | Case No. 26-cv-12389<br><br>Honorable Robert J. White |

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

Kyle Ragless commenced this 42 U.S.C. § 1983 action against the City of Morenci Police Department. The complaint alleges that Morenci police officers continued to question Ragless during two encounters where he invoked his Fifth Amendment rights to remain silent and to the presence of counsel.

Before the Court is Ragless's *pro se* application to proceed *in forma pauperis*. (ECF No. 7). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory," "clearly baseless" facts, "a legal interest which clearly does not exist," or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Ragless's claims fail as a matter of law. Under Michigan law, municipal police or sheriff's departments are agencies of the municipality – they are not separate legal entities that are capable of being sued under section 1983. *Boykin v. Van Buren Township*, 479 F.3d 444, 450 (6th Cir. 2007); *see also Glynn v. Marquette City Police Dep't*, No. 24-1486, 2025 U.S. App. LEXIS 7060, at *4 (6th Cir. Mar. 24, 2025); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that "the

Sheriff's Department is not a legal entity subject to suit"). So the constitutional claims asserted against the City of Morenci Police Department must be dismissed.

At any rate, insofar as Ragless asserts that Morenci police officers violated *Miranda v. Arizona*, 384 U.S. 436 (1966), that claim is not actionable under section 1983. *See Vega v. Tekoh*, 597 U.S. 134, 150, 152 (2022); *see also Lawson v. Creely*, 137 F.4th 404, 416 n.6 (6th Cir. 2025). And 18 U.S.C. § 242 is a criminal statute. It does not create a "private civil right of action." *Mallory-Bey v. Novastar Mortg., Inc.*, No. 07-14374, 2008 U.S. Dist. LEXIS 107396, at *4 (E.D. Mich. Dec. 12, 2008); *see also Mohlman v. Wayne Cnty. Treasurer's Office*, No. 26-10985, 2026 U.S. Dist. LEXIS 156952, at *2 (E.D. Mich. Jul. 15, 2026). Accordingly,

IT IS ORDERED that Ragless's application for leave to proceed *in forma pauperis* (ECF No. 7) is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed.

IT IS FURTHER ORDERED that Ragless may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: July 31, 2026

s/ Robert J. White
Robert J. White
United States District Judge