UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KYLE RAGLESS,<br><br>Plaintiff,<br><br>v.<br><br>MORENCI POLICE DEPARTMENT,<br><br>Defendant. | Case No. 26-cv-12389<br><br>Honorable Robert J. White |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Before the Court is *pro se* Plaintiff Kyle Ragless' motion for (1) reconsideration of the Court's order dismissing the complaint and (2) leave to amend the complaint. (ECF No. 10). Plaintiff filed suit against Defendant Morenci Police Department (the Department) under 42 U.S.C. § 1983, alleging that Morenci police officers violated the First Amendment, the Fifth Amendment, and 18 U.S.C. § 242 when questioning and antagonizing him. (ECF No. 1).

The Court previously granted Plaintiffs' application to proceed *in forma pauperis* and dismissed the complaint because his claims failed as a matter of law. The Court specifically concluded that (1) the Department is not a distinct legal entity capable of being sued under § 1983; (2) allegations that individual police officers

violated *Miranda v. Arizona*, 384 U.S. 436 (1966), are not actionable under § 1983; and (3) 18 U.S.C. § 242 is a criminal statute that does not create a private right of action. (ECF No. 8).

In Plaintiff's two-page motion including just five paragraphs of substantive facts, law, and argument, he seeks reconsideration under "Local Rule 7.1(h)," stating that such relief is warranted "if the moving party demonstrates a palpable defect by which the court and the parties have been misled, and that correcting the defect will result in a different disposition of the case." Plaintiff, acknowledging that the Department is not an entity capable of being sued under § 1983, describes his failure to identify individual officers in the case caption as a technical defect common to *pro se* litigants. Arguing that he "possesses specific facts establishing that individual officers of the Morenci Police Department directly violated his First and Fifth Amendment rights," Plaintiff asks the Court to vacate its order of dismissal and grant him leave to amend the complaint "to cure technical defects by substituting the individual officer names in place of the department entity." (ECF No. 10, PageID.27-28).

As an initial matter, Plaintiff's motion relies on an older version of L.R. 7.1(h) that no longer applies. *See Buchanan v. Metz*, 6 F. Supp. 3d 730, 752 (E.D. Mich. 2014) (quoting the old rule cited by Plaintiff in the present case); *Blackwell v. Nocerini*, 123 F.4th 479, 485 (6th Cir. 2024) ("In 2021, the Eastern District of

Michigan amended its Local Rule 7.1 to make clear that '[p]arties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)' and that the district 'court will not grant reconsideration of such an order or judgment under' the local rule.") (alteration in original; citation omitted). To clarify, the current local rules of this district no longer allow a party to file a motion for reconsideration of final orders or judgments. E.D. Mich. L.R. 7.1(h)(1). Instead, "[p]arties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). *Id.* The Court reviews Plaintiff's motion here under Fed. R. Civ. P. 60(b).[1]

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

[1] Rule 59(e) relates to altering or amending a judgment, whereas Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding under certain specified circumstances. Plaintiff seeks to vacate the Court's final order of dismissal as contemplated by Rule 60(b), and he does not mention the Court's related judgment. Nevertheless, any request to alter or amend the judgment would be untimely and therefore meritless. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). Applying the above authority, it is clear that Plaintiff is not entitled to relief under Rules 60(b)(2), (3), (4), or (5). The Court addresses Rules 60(b)(1) and (6) in turn.

"A Rule 60(b)(1) motion is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *O'Hara v. Vara*, 167 F.4th 358, 370-71 (6th Cir. 2026) (cleaned up).

> We consider three factors in determining whether relief under Rule 60(b)(1) is appropriate: (1) culpability—that is, whether the neglect [or mistake] was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense. A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors.

*Id.* at 371 (quotation marks and citation omitted).

Plaintiff here essentially argues that reconsideration is warranted because of his innocent mistake in failing to identify the police officers as named defendants in this action, which he claims "was a technical drafting defect common to *pro se* litigants[] rather than a malicious intent or an absence of a true underlying claim." (ECF No. 10, PageID.27). But even accepting that this was an excusable mistake, relief under Rule 60(b)(1) is unwarranted because Plaintiff's underlying claims lack merit even if he were to substitute the individual officers as defendants in place of the Department.[2]

First, Plaintiff's motion continues to cite 18 U.S.C. § 242, and he completely fails to address the Court's partial basis for dismissal that this is a criminal statute that does not create a private right of action. The Court reiterates that any civil claim based on § 242 lacks merit. And though Plaintiff argues that he "possesses specific facts establishing that individual officers of the Morenci Police Department directly violated his First and Fifth Amendment rights," the Court disagrees.[3]

---

[2] For this reason, the Court also rejects Plaintiff's request for leave to amend as futile. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (a court need not grant leave to amend if an amendment would be futile, and "[a]mendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss").

[3] Plaintiff has not provided any proposed amended complaint or explained the nature of these "specific facts" in the instant motion, and because his request for leave to amend only seeks substitution of individual officers as named defendants, the Court relies on the factual allegations of the original complaint.

Plaintiff's complaint alleges that officers violated his Fifth Amendment rights by questioning him after he invoked his right to remain silent. But allegations that individual police officers violated *Miranda* (which established law enforcement standards concerning police questioning and the right to remain silent) are not actionable under § 1983. *See Vega v. Tekoh*, 597 U.S. 134, 150, 152 (2022); *see also Lawson v. Creely*, 137 F.4th 404, 416 n.6 (6th Cir. 2025). Again, Plaintiff's motion does not even attempt to address this deficiency. For these reasons, Plaintiff's Fifth Amendment claims premised on officers ignoring his invocation of the right to remain silent contrary to *Miranda* lack merit.

Concerning the First Amendment, Plaintiff's complaint alleges as follows:

> After [the officer] walked away to his car[,] he drove on the grass and ke[pt] antagonizeing [sic] me, He ke[pt] saying that [I] can go to jail for diso[r]derly conduct when that violates the 1st amendment according to malberry VS Madison [sic].

(ECF No. 1, PageID.5).

Even liberally construing Plaintiff's pleadings given his *pro se* status, the Court finds these allegations wholly insufficient to state any claim for the violation of the First Amendment. To the extent Plaintiff is claiming First Amendment retaliation, he does not allege that he was engaged in any constitutionally protected activity. Otherwise, the complaint's allegations are completely silent as to what First Amendment right (such as the right to freedom of speech, religion, or association) the officer violated. And while Plaintiff seemingly intended to cite *Marbury v.*

*Madison*, 5 U.S. 137 (1803), as authority supporting that the officer's conduct violated the First Amendment, this case does not even address the First Amendment. Ultimately, Plaintiff's factual allegations lack the clarity and detail needed to plausibly support any First Amendment violation. In sum, because all Plaintiff's underlying claims lack merit, relief under Rule 60(b)(1) is unwarranted.

Next, the residual clause in Rule 60(b)(6) affords relief "only in exceptional circumstances" not otherwise addressed by the rule's first five clauses. *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015). Rule 60(b)(6) is properly invoked only in "unusual and extreme situations where principles of equity mandate relief." *Id.* Given Plaintiff's argument that he committed a technical drafting error common to *pro se* litigants, this case does not involve any unusual or extreme situation. Further, because all Plaintiff's underlying claims lack merit even if he were to substitute the individual officers as defendants in place of the Department, the Court concludes that the principles of equity do not mandate relief.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (ECF No. 10) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's request for leave to amend the complaint is DENIED.

Dated: November 3, 2026

s/Robert J. White
Robert J. White
United States District Judge